**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| CINDA LEE LOVATO, individually, on | § | |
| Behalf of all wrongful death beneficiaries, | § | |
| And on behalf of the ESTATE OF | § | |
| DANIEL LUIS MARTINEZ, and | § | |
| MARK MARTINEZ, individually, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| AMY HITCHCOCK, TANNER VANOVER, | § | |
| JARED RICE, B. HOWARD, S. SHOOK, | § | CIVIL ACTION NO. 2:20-CV-00070-Z-BR |
| BRIAN THOMAS, and LISA DAWSON, | § | |
| in their individual capacities, and | § | |
| POTTER COUNTY, TEXAS, | § | |
|     *Defendants.* | § | |

<u>**DEFENDANT POTTER COUNTY'S**</u>
<u>**MOTION AND BRIEF TO DISMISS PURSUANT TO RULE 12(b)(6)**</u>

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
***Counsel for Defendant Potter County, Texas***

647403v.2

## TABLE OF CONTENTS

Table of Contents ........................................................................................................... ii

Table of Authorities ....................................................................................................... iii

I.      Summary ........................................................................................................... 1

II.     Background ...................................................................................................... 2

III.    Standards of Review ....................................................................................... 2

IV.     The Section 1983 Claim Against Potter County Must Be Dismissed Because the
        Plaintiffs Fail to Show an Official Policy Caused the Claimed Constitutional
        Violation ........................................................................................................... 4

V.      References to Prior Jail Incidents are Insufficient to Establish a Pattern Due to a
        Lack of Temporal Proximity, Similarity, and Specificity ................................ 8

VI.     The Plaintiffs' Pleadings are Insufficient to State a Claim Based on Failure to Train ........ 11

VII.    Plaintiffs Allege an Improper Standard for Holding Potter County Liable Under
        Section 1983 ..................................................................................................... 12

VIII.   Plaintiffs' ADA and RA Claim Against Potter County Must Be Dismissed ........................ 13

IX.     Conclusion ...................................................................................................... 16

Certificate of Service ..................................................................................................... 17

647403v.2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adickes v. S. H. Kress & Co.*,
    398 U.S. 144 (1970) ........................................................................................................ 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 3, 7, 16

*Avalos v. Baca*,
    517 F. Supp. 2d 1156 (C.D. Cal. 2007) ........................................................................ 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 3

*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir. 1984) ......................................................................................... 9

*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ........................................................................................... 3

*Board of Cty. Comm'rs of Bryan Cty. OK v. Brown*,
    520 U.S. 397 (1997) ....................................................................................................... 4

*Bryant v. Madigan*,
    84 F.3d 246 (7th Cir. 1996) ......................................................................................... 14

*Burge v. St. Tammany Parish*,
    336 F.3d 363 (5th Cir. 2003) ......................................................................................... 7

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) ......................................................................................... 10

*Carter v. Orleans Parish Public Schools*,
    725 F.2d 261 (5th Cir. 1984) ....................................................................................... 13

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ............................................................................................. 4, 5, 12

*City of Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985) ................................................................................................... 5, 8

*City of St. Louis v. Praprotnik*,
    485 U.S. 112 (1988) ....................................................................................................... 8

647403v.2

*Colle v. Brazos Cty.*,
    981 F.2d 237 (5th Cir. 1993) ...................................................................... 8, 10

*Connick v. Thompson*,
    563 U.S. 51 (2011)........................................................................................... 11

*Crowe v. Henry*,
    43 F.3d 198 (5th Cir. 1995) ............................................................................ 2

*Daniels v. Williams*,
    474 U.S. 327 (1986).......................................................................................... 6

*Delano-Pyle v. Victoria Cty., Tex.*,
    302 F.3d 567 (5th Cir. 2002) ........................................................................ 13

*Doe v. Taylor Indep. Sch. Dist.*,
    15 F.3d 443 (5th Cir. 1994) .......................................................................... 12

*Elbert v. New York State Dep't of Correctional Servs.*,
    751 F. Supp. 2d 590 (S.D.N.Y. 2010).......................................................... 14

*Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*,
    2013 WL 1194392 (N.D. Tex. Mar. 25, 2013) .............................................. 3

*Fraire v. City of Arlington*,
    957 F.2d 1268 (5th Cir. 1992) ...................................................................... 10

*Garrett v. Commonwealth Mortg. Corp. of America*,
    938 F.2d 591 (5th Cir. 1991) .......................................................................... 3

*Gonzalez v. Kay*,
    577 F.3d 600 (5th Cir. 2009) .......................................................................... 3

*Gray v. Brazoria Cty.*,
    2017 WL 713797 (S.D. Tex. Feb. 23, 2017) ................................................ 10

*Hainze v. Richards*,
    207 F.3d 795 (5th Cir. 2000) ........................................................................ 13

*Harvey v. Jones*,
    2015 WL 9687841 (W.D. La. Nov. 16, 2015)............................................... 12

*Hinojosa v. Butler*,
    547 F.3d 285 (5th Cir. 2008) .......................................................................... 4

647403v.2

*Huggins Realty, Inc. v. FNC, Inc.*,
   634 F.3d 787 (5th Cir. 2011) ............................................................. 3

*Languirand v. Hayden*,
   717 F.2d 220 (5th Cir. 1983) ............................................................. 9

*Livezey v. City of Malakoff*,
   657 F. App'x 274 (5th Cir. 2016) ..................................................... 10

*Lovelace v. Software Spectrum Inc.*,
   78 F.3d 1015 (5th Cir. 1996) ............................................................. 2

*McConney v. City of Houston*,
   863 F.2d 1180 (5th Cir. 1989) ........................................................... 9

*Meagley v. City of Little Rock*,
   639 F.3d 384 (8th Cir. 2011) ........................................................... 13

*Melton v. Dallas Area Rapid Transit*,
   391 F.3d 669 (5th Cir. 2004) ........................................................... 13

*Milam v. City of San Antonio*,
   113 Fed. App'x. 622 (5th Cir. 2004) ................................................. 7

*Miraglia v. Bd. of Supervisors of La. State Museum*,
   901 F.3d 565 (5th Cir. 2018) ........................................................... 14

*Monell v. New York City Dep't of Social Serv.*,
   436 U.S. 658 (1978) ........................................................................... 4

*Moore v. Prison Health Servs., Inc.*,
   201 F.3d 448 (10th Cir. 1999) ......................................................... 14

*Moreno v. City of Dallas*,
   2015 WL 3890467 (N.D. Tex. June 18, 2015) ................................. 10

*Nails v. Laplante*,
   596 F. Supp. 2d 475 (D. Conn. 2009) .............................................. 15

*Okon v. Harris Cty. Hosp. Dist.*,
   426 Fed. App'x 312 (5th Cir. 2011) ................................................. 7

*Palmer v. City of San Antonio*,
   810 F.2d 514 (5th Cir. 1987) ........................................................... 10

*Peterson v. City of Fort Worth, Texas,*
  588 F.3d 838 (5th Cir. 2009) ................................................................................ 9

*Pineda v. City of Houston,*
  124 F. Supp. 2d 1057 (S.D. Tex. 2000) ................................................................ 9

*Pineda v. City of Houston,*
  291 F.3d 325 (5th Cir. 2002) ....................................................................... passim

*Piotrowski v. City of Houston,*
  237 F.3d 567 (5th Cir. 2001) .................................................................... 5, 7, 8

*Prince v. Curry,*
  423 Fed. App'x 447 (5th Cir. 2011) ................................................................... 10

*Rhyne v. Henderson Cty.,*
  973 F.2d 386 (5th Cir. 1992) .............................................................................. 7

*Rodriguez v. Avita,*
  871 F.2d 552 (5th Cir. 1989) .......................................................................... 9, 10

*Snyder v. Trepagnier,*
  142 F.3d 791 (5th Cir. 1998) .............................................................................. 4

*Spiller v. City of Texas City,*
  130 F.3d 162 (5th Cir. 1997) .............................................................................. 6

*Stewart v. Murphy,*
  174 F.3d 530 (5th Cir. 1999) ............................................................................ 13

*Sullivan v. Leor Energy, LLC,*
  600 F.3d 542 (5th Cir. 2010) .............................................................................. 2

*United States v. University Hosp.,*
  729 F.2d 144 (2d Cir. 1984) ............................................................................. 14

*Varnado v. Lynaugh,*
  920 F.2d 320 (5th Cir. 1991) ............................................................................ 12

*Webster v. City of Houston,*
  735 F.2d 838 (5th Cir. 1984) .............................................................................. 7

647403v.2

**Statutes**

29 U.S.C. § 794(a) ................................................................................................ 13

42 U.S.C. § 1983 ............................................................................................ passim

42 U.S.C. § 12132 .............................................................................................. 14

**Rules**

FED. R. CIV. P. 12(b)(6) ................................................................................ 2, 3, 16

<u>**DEFENDANT POTTER COUNTY'S**</u>
<u>**MOTION AND BRIEF TO DISMISS PURSUANT TO RULE 12(b)(6)**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, MATTHEW J. KACSMARYK:

COMES NOW Defendant Potter County, Texas and files its Motion and Brief to Dismiss Pursuant to Rule 12(b)(6), and in support thereof would show the Court as follows:

## I.

### SUMMARY

The Plaintiffs' *Monell* claim against Defendant Potter County must be dismissed because the Plaintiffs have failed to state a claim upon which relief may be granted. The Plaintiffs allege no "persistent, widespread practice" of similar constitutional violations that are so common as to constitute a custom under the standard set forth in the Fifth Circuit. The Plaintiffs instead point to five prior incidents, the most recent of which occurred approximately 10 years before the incident at issue in this case. The insufficiency of these outdated references leaves the focus of Plaintiffs' Complaint on a single incident between their son and Potter County Officials. Upon examination of these remaining allegations about this specific incident the majority of these allegations relate to things Plaintiffs allege that Potter County Officials either knew or should have known. These allegations as plead are akin to negligence and gross negligence, both of which are insufficient to impose liability upon a County. The Plaintiffs allege no facts that, if proven, would establish culpability of a policymaker. Additionally, the Plaintiffs fail to allege the proper standard for holding Potter County liable under Title II of the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA") of 1973. Therefore, the § 1983 claim, ADA claim, and RA claim against Potter County must be dismissed.

## II.
### BACKGROUND

The Plaintiffs allege that their son, Daniel Luis Martinez, died as a result of suicide while he was a pre-trial detainee in the Potter County Detention Center.  Daniel Luis Martinez was booked into the Potter County Detention Center on April 23, 2018.  On May 1, 2018, Daniel Luis Martinez committed suicide in the Potter County Detention Center.[1]

As to claims against Potter County, the Plaintiffs allege that it violated 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").  For the reasons set forth below, Potter County must be dismissed.

## III.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a suit where a plaintiff has failed to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).  A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts.  *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).  In reviewing a motion to dismiss, a court must consider the plaintiff's complaint, accepting all well-pleaded facts as true and viewing those facts in a light most favorable to the plaintiff.  *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).  In deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint.  *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

---

[1] The Plaintiffs' Complaint omits the date of death of Daniel Luis Martinez.  The date of death according to all sources was May 1, 2018.  *See* MyHighPlains news article regarding autopsy results: https://www.myhighplains.com/news/local/preliminary-autopsy-results-released-after-potter-county-inmate-death/1159967327/ (last visited April 11, 2020).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1505 (2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing and quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *See Gonzalez*, 577 F.3d at 603 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although detailed factual allegations are not required to avoid dismissal under Rule 12(b)(6), a plaintiff must provide more than "bare assertions" and "conclusory" allegations that are nothing more than a "formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554-55). While well-pleaded facts of a complaint are to be accepted as true, a plaintiff's conclusory allegations and legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79 (citation omitted); *Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-02487-L, 2013 WL 1194392, *4 (N.D. Tex. Mar. 25, 2013) (citing *Iqbal*, 556 U.S. at 681).

Dismissal is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Furthermore, a dismissal under Rule 12(b)(6) is proper when "an affirmative defense or other bar to relief appears on the face of the complaint." *See Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991).

**IV.**

**THE SECTION 1983 CLAIM AGAINST POTTER COUNTY MUST BE DISMISSED
BECAUSE THE PLAINTIFFS FAIL TO SHOW AN OFFICIAL POLICY
CAUSED THE CLAIMED CONSTITUTIONAL VIOLATION**

The Plaintiffs' Complaint completely fails to make any allegation which would hold Potter County liable for a purported constitutional violation. The Plaintiffs have only made vague allegations as to what policies, practices, or customs may have been place at the time of Martinez's death. These allegations, even if true, are only allegations of negligence against individual defendants rather than policy, custom, or practice put in place by a policymaker at Potter County.

A municipality may be held liable under § 1983 only when the municipality itself causes a constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). The United States Supreme Court has "consistently refused to hold municipalities liable under a theory of respondeat superior." *See Board of Cty. Comm'rs of Bryan Cty. OK v. Brown*, 520 U.S. 397, 403 (1997); *see also Hinojosa v. Butler*, 547 F.3d 285, 296 (5th Cir. 2008). The Supreme Court has recognized very narrow circumstances in which a municipality may be held liable for the conduct of its employees, even if such conduct is unconstitutional. *See Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 694 (1978); *see also Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998). A municipality may only be liable under § 1983 if the execution of its policy or custom deprives a plaintiff of a constitutionally protected right. *See Brown*, 520 U.S. at 403. Thus,

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the [government entity]. The plaintiff must also demonstrate that, through its deliberate conduct, the [government entity] was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the [government entity's] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [government entity's] action and the deprivation of federal rights.

*See Id.*

Therefore, beyond proof of a deprivation of rights, an entity's liability under § 1983 requires proof of three elements: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom.  *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (stating the three elements as: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom).

Under this standard the Plaintiffs fail to raise facts in their Complaint which would impose municipal liability.  Considerably more proof is needed to "establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 813 (1985); *City of Canton v. Harris*, 489 U.S. 378 (1989).

The Plaintiffs allege that the following are "policies, practices, or customs in place" by Potter County at the time of the incident:

◊  "Regularly confining inmates at high risk of suicide in dangerous conditions of confinement…."  *See* Pls.' Compl. at ¶ 103(a).

◊  "Overcrowding the jail, housing detainees who could be otherwise released on bond (or on personal recognizance) when officers are unable to adequately observe all detainees and resources are too thin to ensure all detainees receive appropriate medical attention;"  *See* Pls.' Compl. at ¶ 103(b).

◊  "Failing to continuously observe detainees at high risk of suicide . . . ."  *See* Pls.' Compl. at ¶ 103(c).

◊  "Housing detainees at risk of suicide in cells with tie-off points, including the solitary confinement cell Martinez was placed in; . . . ."  *See* Pls.' Compl. at ¶ 103(d).

◊  "Routinely failing to observe suicidal detainees at intervals frequent enough to prevent suicide deaths and other serious medical emergencies."  *See* Pls.' Compl. at ¶ 103(f).

◊  "Routinely failing to observe suicidal detainees at intervals frequent enough to prevent suicide deaths and other serious medical emergencies."  *See* Pls.' Compl. at ¶ 103(g).

◊  "Housing detainees at risk of suicide in cells where in-person observation was difficult…." *See* Pls.' Compl. at ¶ 103(h).

◊  "Using video surveillance as a substitute for in-person observation of detainees (especially detainees known to be suicidal)."  *See* Pls.' Compl. at ¶ 103(i).

These allegations, even if true, do not constitute practices or policies of Potter County, but are instead allegations of negligence against individual Potter County Detention Center employees. These allegations do not support any plausible municipal liability claim.  "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997).   Mere allegations of negligence cannot support a § 1983 claim.  *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

The Plaintiffs also fail to allege any policy that was *officially adopted* or promulgated by Potter County through its final policymakers that is connected with the alleged deprivation of rights and fail to show a custom or widespread practice so pervasive that it has become the force of law for the County.  *Pineda v. City of Houston*, 291 F.3d at 328 (5th Cir. 2002)(emphasis added), held that an official policy may be shown through:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority; or
>
> 2. A persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that

> body had delegated policy-making authority.  Actions of officers or
> employees of a municipality do not render the municipality liable
> under § 1983 unless they execute official policy as above defined.

*See id.* (footnote omitted); *see also Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003); *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc) ("If actions of city employees are to be used to prove a custom for which the municipality is liable, those actions must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees").  The claimed unconstitutional conduct forming the basis of Plaintiffs' claims must be "directly attributable to the municipality through some sort of official action or imprimatur."  *Piotrowski*, 237 F.3d at 578.  Any policy statement, ordinance, regulation, or decision must be *officially adopted*.

The Fifth Circuit has also stated, that "[i]t is not enough that an illegal custom exist; municipal policymakers, who are the persons capable of subjecting a municipality to liability, must be chargeable with awareness of the custom." *Milam v. City of San Antonio*, 113 Fed. App'x. 622, 626 n.3 (5th Cir. 2004); *see also Okon v. Harris Cty. Hosp. Dist.*, 426 Fed. App'x 312, 316 (5th Cir. 2011)*; Pineda*, 291 F.3d at 328.  The Plaintiffs have failed to plead any policy statement, ordinance, regulation, or decision that was *officially adopted by Potter County*.  Consequently, the Plaintiffs' claims against Potter County are not viable because they wholly fail to meet well-settled pleading standards.  *See Iqbal*, 556 U.S. at 678.  The Plaintiffs allege no facts that show that Sheriff Thomas, their alleged policymaker, made an "intentional choice" to violate inmates' constitutional rights.  *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir. 1992).  By alleging no actions directly attributable to Potter County and, instead, relying on a *respondeat superior* theory of liability, the Plaintiffs have failed to plead sufficient facts to meet this heightened standard of causation.

Only if a plaintiff shows that his injury resulted from a "permanent and well settled" practice may liability attach for injury resulting from a local government custom. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 168 (1970)). The Plaintiffs may not infer a policy or custom merely because harm allegedly resulted from this single interaction with Potter County Detention Center officials. *Colle v. Brazos Cty.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820–24, *reh'g denied*, 473 U.S. 925 (1985) (finding error in jury instructions that permit jurors to infer the existence of improper policies from a single unconstitutional act).

Without proof—or at the Rule 12 stage, credible allegations—of a recurring pattern, a claim based upon a custom or policy must fail. *See Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001) ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations.")

In this case, the Plaintiffs have only referenced prior jail incidents which allegedly occurred between 10 and 25 years prior to the incident at issue as evidence of an alleged pattern. Their allegations do not meet the *Iqbal* and *Twombly* standards.

### V.
### REFERENCES TO PRIOR JAIL INCIDENTS ARE INSUFFICIENT TO ESTABLISH A PATTERN DUE TO A LACK OF TEMPORAL PROXIMITY, SIMILARITY, AND SPECIFICITY

Additionally, the Plaintiffs have attempted to establish a pattern by citing to five prior alleged jail incidents occurring in the years 1993, 1997, 1998, 2001, and 2008. *See* Pls.' Compl. at ¶¶ 83-87. The most recent of these occurred approximately ten years prior to the incident the basis of this litigation and prior to Sheriff Brian Thomas, the alleged policymaker, taking office.[2] These references to prior incidents, especially with a ten year gap and under a prior administration,

---

[2] Sheriff Brian Thomas took office as the Potter County Sheriff in January 2009. Potter County Sheriff's Office Administration Website: https://www.pottercountysheriff.org/administration (last visited April 9, 2020).

are insufficient to plead a pattern or practice claim.  Therefore, the Plaintiffs are essentially only alleging an isolated incident because the prior incidents are too remote in time.

Allegations of an isolated incident are not sufficient to show the existence of a custom or policy regarding inadequate training or supervision.  *See Rodriguez v. Avita,* 871 F.2d 552, 554 (5th Cir. 1989).  "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." *Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir. 1984).  To demonstrate a municipal custom or policy under § 1983, a plaintiff must allege:

> a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force.

*Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir. 1983).

A pattern also requires "sufficiently numerous prior incidents," as opposed to "isolated instances." *McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir. 1989).  Such a pattern of conduct requires both <u>similarity and specificity</u> which point to the specific violation in question as opposed to isolated instances.  *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (emphasis added).  In *Peterson*, 27 incidents of excessive force over a period of four years, given the size of the Fort Worth Police Department, were held to be insufficient to "reflect a pattern that can be said to represent official policy of condoning excessive," necessary to impose municipal liability for the acts of its employees.  *Peterson*, 588 F.3d at 853.  In *Pineda*, the Fifth Circuit held that 11 incidents of warrantless entry by the Houston Police Department over a four year period did not support a pattern of unconstitutional warrantless entry because officers reported consent or exigent circumstances in each of this instances.  *Pineda*, 291 F.3d at 329 n.12.[3]  *See*

---

[3] *Pineda v. City of Houston,* 124 F. Supp. 2d 1057, 1070 (S.D. Tex. 2000).

*Moreno v. City of Dallas*, 2015 WL 3890467, at *9 (N.D. Tex. June 18, 2015) (granting motion to dismiss because "facts suggesting an average of less than two incidents of excessive force per year over the course of five years are not sufficient to indicate a pattern of abuses");  *Livezey v. City of Malakoff*, 657 F. App'x 274, 278 (5th Cir. 2016) (per curiam) (holding one prior incident with dissimilar facts was not enough not to establish a pattern).  Even in the Ninth Circuit, when considering whether prior incidents constitute an unconstitutional policy, practice or custom a .4 percent rate of over-detentions during a prior five year period has been held not to be an unconstitutional policy, practice or custom of over-detention.  *Avalos v. Baca*, 517 F. Supp. 2d 1156 (C.D. Cal. 2007), *aff'd*, 596 F.3d 583 (9th Cir. 2010).

Further, unproven allegations are insufficient to support a claim based on an unconstitutional claim.  *Prince v. Curry*, 423 Fed. App'x 447, 451 (5th Cir. 2011) (affirming a dismissal for failure to plead sufficient factual matter and refusing to consider a past alleged incident where "allegations were never proven.").  The alleged facts of this case, as detailed in the Plaintiffs' Complaint at ¶¶ 27-75, took place under a different Sheriff's Office,[4] with different policymakers, and different unproven facts.  Consistent with the commonly understood meaning of "custom," proof of random acts or isolated incidents are not sufficient to show the existence of a custom or policy.  *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (citing *Rodriguez*, 871 F.2d at 554; *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987)); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).  These isolated and long ago incidents are unsupported by additional details involving: 1) the interventions attempted in each situation by detention center staff; 2) the knowledge of the jailers about the suicide risks associated

---

[4] Under Texas law a Sheriff is the county's final policymaker in the area of law enforcement by virtue of the Sheriff's election to office.  *Gray v. Brazoria Cty.*, 3:16-CV-109, 2017 WL 713797, at *9 (S.D. Tex. Feb. 23, 2017) (citing *Colle v. Brazos Cty., Tex.*, 981 F.2d 237, 244 n.35 (5th Cir. 1993)).

with each of the alleged prior examples; and 3) the type of cells these prior inmates were housed within.  Because these allegations are insufficient to support an allegation of a pattern at Potter County these allegations do not support the pleading standard necessary to prove that these alleged customs have occurred frequently and for a long period of time.

## VI.
### THE PLAINTIFFS' PLEADINGS ARE INSUFFICIENT TO STATE A CLAIM BASED ON FAILURE TO TRAIN

The Plaintiffs base their municipal liability claims, in large part, on allegations that Potter County failed to adequately train jailers about suicide prevention.  *See* Pls.' Compl. at ¶¶ 57, 58, 71, 72, 73, 82, 106, 107, 108.  While Potter County denies any failure to train officials in the areas of suicide prevention, even if proven, the Plaintiffs' allegations fail to meet the "stringent standard" of fault required to plead a failure to train claim.  *Piotroswki*, 237 F.3d at 579.  A failure to train must amount to "deliberate indifference to the rights of persons with whom the [employees] come into contact."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (holding a claim is at its most tenuous where it turns on a failure to train because to satisfy the statute the failure to train must amount to deliberate indifference).  Moreover, deliberate indifference requires that the County policymaker be on actual or constructive notice that "an omission" in training causes employees to violate citizens' rights and that the policymakers chose to continue training with that actual or constructive notice.  *Id*. 563 U.S. at 61-62.  In addition, deliberate indifference generally requires a pattern of similar constitutional violations by untrained employees.  *Id*. at 61.

Because the Plaintiffs have made no more than conclusory allegations about Potter County's failure to train and have failed to identify any similar, proven past incidents in close proximity in time the failure to train claim against Potter County requires dismissal.

## VII.
### PLAINTIFFS ALLEGE AN IMPROPER STANDARD
### FOR HOLDING POTTER COUNTY LIABLE UNDER SECTION 1983

From a thorough review of the Plaintiffs' Complaint the Plaintiffs assert that Potter County's liability rests on its alleged negligent acts and omissions of its employees. Throughout the complaint the Plaintiffs make allegations akin to negligence and gross negligence against Potter County Officials and Potter County. For example, the Complaint alleges that

◊ "Any reasonable jailer would know that a person who is formulating a plan to commit suicide is at a high risk of suicide, immediate risk of suicide, and that protective measures must be instituted to immediately save the detainee's life." *See* Pls.' Compl. at ¶ 34.

◊ "Despite knowing these glaring warning signs, Shook and Howard placed Martinez in a cell that was known to be dangerous for a person at high risk of suicide, rather than a cell that would minimize suicide risk." *See* Pls.' Compl. at ¶ 35.

◊ "All Defendants, including Thomas and Dawson, knew this was a recurring problem…but failed to <u>adequately</u> staff the jail or take other measures…." *See* Pls.' Compl. at ¶ 57. (emphasis added).

◊ "[E]ach [individual defendant] disregarded the risk." *See* Pls.' Compl. at ¶ 99.

◊ Potter County "failed to provide <u>adequate</u> training . . . ." *See* Pls.' Compl. at ¶ 106. (emphasis added).

◊ Despite this knowledge, however, Potter County "failed to provide <u>appropriate </u>training . . . ." *See* Pls.' Compl. at ¶ 108. (emphasis added).

Negligence and gross negligence are not actionable under 42 U.S.C. § 1983. *Cf. Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (stating that "the Supreme Court rejected the gross negligence standard of liability in favor of the stricter deliberate indifference standard.") (citing *City of Canton v. Harris*, 489 U.S. 378, 381 (1989)) (footnote omitted); *Harvey v. Jones*, No. 15-CV-2279, 2015 WL 9687841, at *2 (W.D. La. Nov. 16, 2015) ("Negligence, neglect, or medical malpractice do not constitute deliberate indifference") (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991), *report and recommendation adopted*, No. 15-CV-2279, 2016 WL

112713 (W.D. La. Jan. 8, 2016).  Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983. *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999).

Therefore, these allegations should be stricken and/or Potter County dismissed.

## VIII.
### PLAINTIFFS' ADA AND RA CLAIM
### AGAINST POTTER COUNTY MUST BE DISMISSED

The Plaintiffs fail to allege the proper standard for holding Potter County liable under Title II of the Americans with Disabilities Act ("ADA") and Rehabilitation Act of 1973 ("RA").

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Establishing a prima facie case of disability-based discrimination under Title II of the ADA requires the plaintiffs to prove (1) that he is a qualified individual under the ADA; (2) that he is being excluded from participation in, or is being denied benefits, services, programs, or other activities for which a public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.[5]  *See Melton v. Dallas Area Rapid Transit,* 391 F.3d 669, 671-72 (5th Cir. 2004).

The third element requires *intentional discrimination* on the part of a defendant, not deliberate indifference.  *See, e.g., Delano-Pyle v. Victoria Cty., Tex.,* 302 F.3d 567, 574 (5th Cir. 2002) (citing *Carter v. Orleans Parish Public Schools,* 725 F.2d 261, 264 (5th Cir. 1984)); *Meagley v. City of Little Rock,* 639 F.3d 384, 390 (8th Cir. 2011) ("[e]very circuit court to address the issue . . . has reaffirmed that intentional discrimination must be shown to recover compensatory

---

[5] The language of Title II generally tracks the the language of Section 504 of the Rehabilitation Act of 1973 ("RA"). *Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000) (quoting 29 U.S.C. § 794(a)).

damages").  A plaintiff must show that the discrimination was 'intentional' in the sense that is was more than disparate impact.  *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018).

The Plaintiffs' Complaint alleges that agents of Potter County "intentionally discriminated against Martinez under the meaning of the statutes by purposefully denying him reasonable accommodations."  *See* Pls.' Compl. at ¶ 116.[6]  However, this is different from intentional discrimination.  A jailer can make the decision to not provide an accommodation without intending to discriminate against the pre-trial detainee.  Intentional discrimination is a higher burden/*mens rea*.[7]

Courts frequently dismiss ADA claims by disabled inmates or pre-trial detainees who allege inadequate medical treatment, but do not allege that the inmate was treated differently because of their disability.  *Moore v. Prison Health Servs., Inc.*, 201 F.3d 448 (10th Cir. 1999) (holding these statutes afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities); *see Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (ADA and RA); *United States v. University Hosp.,* 729 F.2d 144, 156-60 (2d Cir. 1984); *Elbert v. New York State Dep't of Correctional Servs.*, 751 F. Supp. 2d 590, 594-596 (S.D.N.Y. 2010) (bare allegations of inadequate medical care, even when made by a person with a serious disability, does not state a claim under the ADA).  When a "plaintiff's core complaint [is] incompetent treatment

---

[7] Paragraphs 116-117 of the Complaint contains allegations that detention officers/staff denied Martinez accommodations and as a result that "intentional failure and refusal proximately caused Martinez's death." The "intentionally refused" allegations do not meet the standard for imposing liability under Title II of the ADA because there must be an intention to discriminate because of the alleged disability.  To recover compensatory damages for disability discrimination under Title II of the ADA, a plaintiff must show that the discrimination was 'intentional' in the sense that is was more than disparate impact." *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018).

for his underlying medical condition, [s]uch a complaint does not state a claim for relief under the ADA because '[t]he ADA does not create a remedy for medical malpractice.'" *Brown v. Wilson*, 5:10-CV-181-C, 2012 WL 6719464, at *3 (N.D. Tex. Dec. 27, 2012)(Cummings, J.).

Although the Plaintiffs have recited the elements of a Title II ADA claim, that Martinez had a disability, was intentional discriminated and denied reasonable accommodations they have failed to plead the necessary facts to meet the *Iqbal/Twombly* pleading standard.  Pls.' Compl. at ¶ 115-117.  The Plaintiffs failed to state what programs Martinez was denied access to due intentional discrimination.  Instead, the Plaintiffs' Complaint reflects a disagreement with the medical treatment given.  Specifically, it demonstrates that Martinez was given a suicide risk assessment by a Mental Health Officer who then moved Martinez to a different cell following the assessment.  Pls.' Compl. at ¶¶ 26-36.  It is this action taken by the Mental Health Officer that the Plaintiffs most vehemently disagree with, thus evidencing a complaint about medical treatment rather than a true ADA claim.  Pls.' Compl. at ¶¶ 26-36.  The Plaintiffs' allegations, taken as true, evidence a complaint about the medical treatment received in the Potter County Detention Center, but not a complaint that he was intentionally discriminated because of his alleged disability.  Bare allegations of inadequate medical care, even when made by a person with a serious disability, do not state a claim under the ADA.  *Nails v. Laplante*, 596 F. Supp. 2d 475, 481-82 (D. Conn. 2009) (holding an inmate's ADA claim based on inadequate medical care must be dismissed because it did not include any non-conclusory allegations of discriminatory animus or ill will based on disability).

At a minimum the Plaintiffs must allege that discrimination was "because of" the alleged disability, and then, obviously allege and prove that was caused by the intent to discriminate.

The Plaintiffs' recitation of conclusory assertions coupled with their failure to identify any similar, proven past incidents requires dismissal. *Iqbal*, 556 U.S. 662, 678 (2009).

Consequently, the Plaintiffs' allegations fail to meet the *Iqbal/Twombly* standard and must be dismissed.

## IX.
### CONCLUSION

Defendant Potter County respectfully requests that the Court grant this motion and dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiffs' claims, stripped from their conclusory nature, only constitute a complaints of negligence and gross negligence about specific Potter County officials and the medical treatment received by their son. The Plaintiffs' allegations fall short of the deliberate indifference standard necessary to impose liability against Potter County pursuant to § 1983. Additionally, the types of allegations made by the Plaintiffs are not actionable under the Americans with Disabilities Act or Rehabilitation Act of 1973 because they do not allege intentional discrimination. The Plaintiffs' conclusory allegations fail to point to a policymaker with actual or constructive knowledge of a policy that is the moving force behind the alleged constitutional violations. Finally, the references of the Plaintiffs to prior jail incidents are too far removed in time and factually dissimilar from the incident at issue to be used to establish a pattern, practice, or custom.

WHEREFORE, PREMISES CONSIDERED, Defendant Potter County requests that the Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss it from this lawsuit.

Respectfully submitted,

/s/ Matt D. Matzner
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
**Counsel for Defendant Potter County, Texas**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 14th day of April, 2020, served as follows:

**VIA ECF**
Jeff Edwards
Scott Medlock
David James
EDWARDS LAW
The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
jeff@edwards-law.com; scott@edwards-law.com;
david@edwards-law.com
**Lead Counsel for Plaintiffs**

**VIA ECF**
Jeff Blackburn
Blackburn and Brown, LLP
718 S.W. 16th Avenue
Amarillo, Texas 79101
blackburn@blackburnbrownlaw.com
**Local Counsel for Plaintiffs**

/s/ Matt D. Matzner
OF COUNSEL