## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| CINDA LEE LOVATO, individually, on | § | |
| Behalf of all wrongful death beneficiaries, | § | |
| And on behalf of the ESTATE OF | § | |
| DANIEL LUIS MARTINEZ, and | § | |
| MARK MARTINEZ, individually, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| AMY HITCHCOCK, TANNER VANOVER, | § | |
| JARED RICE, B. HOWARD, S. SHOOK, | § | CIVIL ACTION NO. 2:20-CV-00070-Z-BR |
| BRIAN THOMAS, and LISA DAWSON, | § | |
| in their individual capacities, and | § | |
| POTTER COUNTY, TEXAS, | § | |
| *Defendants.* | § | |

## DEFENDANTS BRIAN THOMAS AND LISA DAWSON'S
## MOTION AND BRIEF TO DISMISS INDIVIDUAL CAPACITY CLAIMS ASSERTED
## AGAINST THEM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
***Counsel for Defendants***
***Brian Thomas and Lisa Dawson***

647369v.1

TABLE OF CONTENTS

Table of Contents ................................................................................................................. ii

Table of Authorities .......................................................................................................... iii

I.      Summary ................................................................................................................. 1

II.     Background ............................................................................................................. 1

III.    Standard of Review ................................................................................................ 2

IV.     Plaintiffs' Supervisor Liability Claims Against Defendants Thomas and Dawson
        Must Be Dismissed ................................................................................................ 4

        A.      Failure to Train and Supervise Allegations Against a Supervisor is Analyzed
                Similarly to Claims Asserting Municipal Liability and Must Be Dismissed ............. 5

        B.      The Plaintiffs Claims for Improper or Inadequate Policies Must Fail Because
                They Lack Specific Facts ............................................................................... 9

        C.      Improper Negligence-Related Allegations Must Be Dismissed .............................. 11

V.      Plaintiffs' Conditions of Confinement Claims Against Defendants Thomas and
        Dawson Must Be Dismissed ................................................................................ 11

VI.     Conclusion ........................................................................................................... 13

Certificate of Service ........................................................................................................ 14

647369v.1

<u>TABLE OF AUTHORITIES</u>

**Page**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................................................. 3

*Bell v. Wolfish*,
    441 U.S. 520 .................................................................................................................... 12

*Benavides v. Cty. of Wilson*,
    955 F.2d 968 (5th Cir. 1992) ........................................................................................... 5, 9

*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir. 1984) .............................................................................................. 6

*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ................................................................................................ 4

*Board of Cty. Comm'rs of Bryan Cty. v. Brown*,
    520 U.S. 397 (1997) ........................................................................................................... 5

*Brown v. Bryan Cty.*,
    219 F.3d 450 (5th Cir. 2000) .............................................................................................. 8

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) .............................................................................................. 10

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ...................................................................................................... 6, 11

*Crowe v. Henry*,
    43 F.3d 198 (5th Cir. 1995) ................................................................................................ 3

*Doe v. Taylor Indep. Sch. Dist.*,
    15 F.3d 443(5th Cir. 1994) ............................................................................................ 5, 11

*Domino v. Tex. Dep't of Crim. Justice*,
    239 F.3d 752 (5th Cir. 2001) .............................................................................................. 5

*Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*,
    2013 WL 1194392 (N.D. Tex. Mar. 25, 2013) ................................................................... 3

647369v.1

*Estate of Davis v. City of North Richland Hills*,
    406 F.3d 375 (5th Cir. 2005) ............................................................................... 9

*Estate of Henson,*
    795 F.3d 463 (5th Cir. 2015) ............................................................................... 12

*Farmer v. Brennan*,
    511 U.S. 825 (1994)............................................................................................. 5

*Flores v. Cty. of Hardeman, Tex.*,
    124 F.3d 736 (5th Cir. 1997) ............................................................................... 12

*Fraire v. City of Arlington*,
    957 F.2d 1268 (5th Cir. 1992) ............................................................................. 10

*Garrett v. Commonwealth Mortg. Corp. of America*,
    938 F.2d 591 (5th Cir. 1991) ............................................................................... 4

*Gates v. Texas Dep't of Prot. & Reg. Servs.*,
    537 F.3d 404 (5th Cir. 2008) ........................................................................... 4, 10

*Gobert v. Caldwell*,
    463 F.3d 339 (5th Cir. 2006) ............................................................................... 5

*Gonzalez v. Kay*,
    577 F.3d 600 (5th Cir. 2009) ............................................................................... 3

*Goodman v. Harris Cty.*,
    571 F.3d 388 (5th Cir. 2009) ............................................................................... 5

*Hare v. City of Corinth, Miss.*,
    74 F.3d 633 (5th Cir. 1996) ............................................................................ 4, 11

*Harvey v. Jones*,
    2015 WL 9687841 (W.D. La. Nov. 16, 2015)..................................................... 11

*Huggins Realty, Inc. v. FNC, Inc.*,
    634 F.3d 787 (5th Cir. 2011) ............................................................................... 3

*Livezey v. City of Malakoff*,
    657 F. App'x 274 (5th Cir. 2016) (per curiam)................................................... 7

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ............................................................................... 2

iv

*McConney v. City of Houston,*
    863 F.2d 1180 (5th Cir. 1989) ................................................................. 6

*Moreno v. City of Dallas,*
    2015 WL 3890467 (N.D. Tex. June 18, 2015) ................................................. 7

*Peterson v. City of Fort Worth, Texas,*
    588 F.3d 838 (5th Cir. 2009) ................................................................. 6

*Pineda v. City of Houston,*
    124 F. Supp. 2d 1057 (S.D. Tex. 2000) ....................................................... 6

*Pineda v. City of Houston,*
    291 F.3d 325 (5th Cir. 2002) .......................................................... 6,7,9

*Piotrowski v. City of Houston,*
    237 F.3d 567 (5th Cir. 2001) ................................................................. 6

*Porter v. Epps,*
    659 F.3d 440 (5th Cir. 2011) .......................................................... 4, 8, 9

*Rhyne v. Henderson Cty.,*
    973 F.2d 386 (5th Cir. 1992) ................................................................ 10

*Rios v. City of Del Rio, Tex.,*
    444 F.3d 417 (5th Cir.  2006) ................................................................ 6

*Roberts v. City of Shreveport,*
    397 F.3d 287 (5th Cir. 2005) ................................................................. 5

*Sanders–Burns v. City of Plano,*
    594 F.3d 366 (5th Cir. 2010) ................................................................. 8

*Scott v. Moore,*
    114 F.3d 53 (5th Cir. 1997) ............................................................ 11, 12

*Smith v. Brenoettsy,*
    158 F.3d 908 (5th Cir. 1998) ................................................................. 6

*Snyder v. Trepagnier,*
    142 F.3d 791 (5th Cir. 1998) ................................................................. 9

*Southard v. Tex. Bd. Criminal Justice,*
    114 F.3d 539 (5th Cir. 1997) ........................................................... 2, 10

647369v.1

*Spiller v. City of Tex. City*,
     130 F.3d 162 (5th Cir. 1997) ......................................................................... 10

*Sullivan v. Leor Energy, LLC*,
     600 F.3d 542 (5th Cir. 2010) ........................................................................... 3

*Valle v. City of Houston*,
     613 F.3d 536 (5th Cir. 2010) ........................................................................... 9

*Varnado v. Lynaugh*,
     920 F.2d 320 (5th Cir. 1991) ......................................................................... 11

**Statutes**

42 U.S.C. § 1983............................................................................................... 1, 4, 6, 11

**Rules**

FED. R. CIV. P. 12(b)(6) ..................................................................................... passim

647369v.1

**DEFENDANTS BRIAN THOMAS AND LISA DAWSON'S**
**MOTION AND BRIEF TO DISMISS INDIVIDUAL CAPACITY CLAIMS ASSERTED**
**AGAINST THEM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, MATTHEW J. KACSMARYK:

COME NOW Defendants Brian Thomas and Lisa Dawson and file their Motion and Brief

to Dismiss Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil

Procedure 12(b)(6), and in support thereof would show the Court as follows:

## I.
### SUMMARY

The Plaintiffs claims against Defendants Brian Thomas and Lisa Dawson, in their

individual capacities, must be dismissed because the Plaintiffs have failed to allege the personal

involvement of these Defendants in the incident at issue in the case.   Additionally, the Plaintiffs

have failed to plead specific facts which would properly state a claim against them due to failure

to train, supervise, and create policy based on the requirement that the Plaintiffs plead more than

conclusory allegations of deliberate indifference in order for these claims to be viable.  Without

these specific factual allegations the claims against them under 42 U.S.C. § 1983 are not plausible.

Likewise, the Plaintiffs have erroneously plead their claims as conditions of confinement when

this is an episodic acts or omission case.  Finally, claims based allegations that the subordinates of

these Defendants committed acts of negligence and/or gross negligence are not actionable under

42 U.S.C. § 1983.

## II.
### BACKGROUND

The Plaintiffs allege that their son, Daniel Luis Martinez, died as a result of suicide while

he was a pre-trial detainee in the Potter County Detention Center.  Daniel Luis Martinez was

---

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 1

647369v.1

booked into the Potter County Detention Center on April 23, 2018.  On May 1, 2018, Daniel Luis

Martinez committed suicide in the Potter County Detention Center.[1]

The Plaintiffs allege that Sheriff Brian Thomas and Lisa Dawson have supervisor liability

despite having no personal involvement in the incident at the Potter County Detention Center they

have filed this case based upon.  The Plaintiffs allege liability against Thomas and Dawson due to

the Plaintiffs' claims that Defendants Thomas and Dawson failed to adequately train jailers, failed

to adequately supervise jailers, adequately create policy, and because they allege Defendants

Thomas and Dawson played a role in the conditions of confinement the Plaintiffs allege to be

unsafe.  However, as explained below, the claims against Defendants Thomas and Dawson in their

individual capacities must be dismissed because: (1) the Plaintiffs seek to impose *respondeat*

*superior* liability for the actions of subordinates, something which is not recognized in the Fifth

Circuit under the facts alleged; and (2) more factual allegations are required before such allegations

of failure to train, failure to supervise, or the creation of policy constitutes deliberate indifference

by supervisors such as Defendants Thomas and Dawson.  *Southard v. Tex. Bd. Criminal Justice*,

114 F.3d 539, 551 (5th Cir. 1997).

### III.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a suit where a plaintiff

has failed to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).  A motion

to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the

---

[1] The Plaintiffs' Complaint omits the date of death of Daniel Luis Martinez.  The date of death according to all sources was    May    1,    2018.    *See*    MyHighPlains    news    article    regarding    autopsy    results: https://www.myhighplains.com/news/local/preliminary-autopsy-results-released-after-potter-county-inmate-death/1159967327/ (last visited April 11, 2020).

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 2

647369v.1

plaintiff's right to any relief based on those facts. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In reviewing a motion to dismiss, a court must consider the plaintiff's complaint, accepting all well-pleaded facts as true and viewing those facts in a light most favorable to the plaintiff. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1505 (2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009)). "A claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing and quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *See Gonzalez*, 577 F.3d at 603 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Although detailed factual allegations are not required to avoid dismissal under Rule 12(b)(6), a plaintiff must provide more than "bare assertions" and "conclusory" allegations that are nothing more than a "formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554-55). While well-pleaded facts of a complaint are to be accepted as true, a plaintiff's conclusory allegations and legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79 (citation omitted); *Encompass Office Sols.,*

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 3

647369v.1

*Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-02487-L, 2013 WL 1194392, *4 (N.D. Tex. Mar. 25, 2013) (citing *Iqbal*, 556 U.S. at 681).

Dismissal is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Furthermore, a dismissal under Rule 12(b)(6) is proper when "an affirmative defense or other bar to relief appears on the face of the complaint." *See Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991).

**IV.**
**PLAINTIFFS' SUPERVISOR LIABILITY CLAIMS**
**AGAINST DEFENDANTS THOMAS AND DAWSON MUST BE DISMISSED**

The Plaintiffs' Complaint does not allege that Sheriff Brian Thomas and Jail Administrator Lisa Dawson were personally involved in the incident concerning their son, Daniel Luis Martinez, Deceased.  A supervisory official may be liable under §1983 if he "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).

The Plaintiffs state no facts showing the personal participation of Defendants Thomas and Dawson in the claimed constitutional violations for denial of medical care and conditions of confinement.  Assuming that the allegations contained in the Plaintiffs' Complaint are construed as alleging personal involvement by Defendants Thomas and Dawson, the Plaintiffs must plead facts showing that they exercised "subjective deliberate indifference" to the decedent's rights. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648-49 n.4 (5th Cir. 1996).  This high standard would require that Defendants Thomas and Dawson each (1) have had knowledge an inmate faced a substantial risk of serious bodily harm, and that each (2) disregarded that risk by failing to take

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 4

647369v.1

reasonable measures to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Subjective

deliberate indifference is an "extremely high standard," requiring the employee to have both been

aware of facts from which an inference of an excessive risk to the inmates' safety could have been

drawn, and proof that the employee actually drew that inference that a potential for harm existed.

*Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Farmer v. Brennan*, 511

U.S. 825, 837 (1994). Therefore, the claims against these Defendants must be dismissed because

these factual allegations are absent from the Plaintiffs' Complaint.

## A.
### FAILURE TO TRAIN AND SUPERVISE ALLEGATIONS AGAINST A SUPERVISOR IS ANALYZED SIMILARLY TO CLAIMS ASSERTING MUNICIPAL LIABILITY AND MUST BE DISMISSED

"The standard applicable to failure to train allegations against supervisors is based on that

for municipal liability." *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)

(citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452–54 & nn.7–8 (5th Cir. 1994)).

In order to establish a constitutional violation for failure to train employees a plaintiff must

show "(1) the supervisor either failed to supervise or train a subordinate official; (2) a causal link

exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the

failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cty.*, 571 F.3d

388, 395 (5th Cir. 2009). Additionally, "for liability to attach based on an 'inadequate training'

claim, a plaintiff must allege with specificity how a particular training program is defective."

*Roberts*, 397 F.3d at 293 (citing *Benavides v. Cty. of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)).

In order to establish deliberate indifference on the part of each supervisor there must be a

showing that some municipal official "disregarded a known or obvious consequence of his action."

*Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). To establish deliberate

indifference there must be a showing that such official was "both ... aware of facts from which the

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 5

647369v.1

inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, at 912.  A showing of error, negligence, ineptitude or even gross negligence does not suffice.  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Additionally, the Plaintiffs must establish a pattern of similar violations to demonstrate a supervisor's deliberate indifference, not merely a single incident.  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir.  2006).  Without proof—or at the Rule 12 stage, credible allegations—of a recurring pattern, a claim based upon a custom or policy must fail.  *See Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001) ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations.")  "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal Section 1983 liability."  *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).

In this case, the Plaintiffs have only referenced prior jail incidents from the years 1993, 1997, 1998, 2001, and 2008.  *See* Pls.' Compl. at ¶¶ 83-87.   These occurred between 10-25 years prior to the incident at issue and involved different officials, supervisors, and factual situations.

A pattern also requires "sufficiently numerous prior incidents," as opposed to "isolated instances." *McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir. 1989).  Such a pattern of conduct requires both <u>similarity and specificity</u> which point to the specific violation in question as opposed to isolated instances.  *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (emphasis added).  In *Peterson*, 27 incidents of excessive force over a period of four years, given the size of the Fort Worth Police Department, were held to be insufficient to "reflect a pattern that can be said to represent official policy of condoning excessive," necessary to impose municipal liability for the acts of its employees.  *Peterson*, 588 F.3d at 853.  In *Pineda*, the Fifth Circuit held that 11 incidents of warrantless entry by the Houston Police Department over a four

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 6

647369v.1

year period did not support a pattern of unconstitutional warrantless entry because officers reported

consent or exigent circumstances in each of this instances.  *Pineda*, 291 F.3d 325, 329 n.12 (5th

Cir. 2002).[2]  *See Moreno v. City of Dallas*, 2015 WL 3890467, at *9 (N.D. Tex. June 18, 2015)

(granting motion to dismiss because "facts suggesting an average of less than two incidents of

excessive force per year over the course of five years are not sufficient to indicate a pattern of

abuses"); *Livezey v. City of Malakoff*, 657 F. App'x 274, 278 (5th Cir. 2016) (per curiam) (holding

one prior incident with dissimilar facts was not enough not to establish a pattern).

These isolated and long ago incidents are unsupported by additional details involving: 1)

the interventions attempted in each situation by detention center staff; 2) the knowledge of the

jailers about the suicide risks associated with each of the alleged prior examples; and 3) the type

of cells these prior inmates were housed within.  Without these factual details being plead the

required elements necessary to properly state a claim for failure to train or supervise are absent

from the Plaintiff's pleadings.

Instead of doing this, the Plaintiffs' Complaint makes bold *ipse dixit* allegations that "A

known and obvious consequence of overcrowding at the jail is that detainees…will be observed

less frequently as officer resources are stretched thinner," and "[j]ailers were forced to do more

with less, and some essential duties of jailers were routinely forgotten or ignored."  *See* Pl.'s

Compl. at ¶¶ 21, 23 (emphasis added).  This is mere speculation and does not meet the plausibility

standard required by *Iqbal/Twombly*.  As evidence that this is mere speculation, the Plaintiffs also

allege, without any references to factually similar and close in time jail incidents, that:

> [t]his was partially due to inadequate training and staffing.  All
> Defendants, including Thomas and Dawson, knew this was a
> recurring problem (especially for detainees at risk of suicide), but

---

[2] *Pineda v. City of Houston,* 124 F. Supp. 2d 1057, 1070 (S.D. Tex. 2000).

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 7

647369v.1

> failed to adequately staff the jail or take other measures to protect
> individuals (like Martinez) at high risk of suicide.

*See* Pl.'s Compl. at ¶ 57.

The Plaintiffs also plead that either the individual jailers "received inadequate training in suicide prevention," or "[i]n the alternative, the Defendants did receive this training, but ignored it." *See* Pl.'s Compl. at ¶¶ 72, 74.   The Plaintiffs plead no facts describing what staffing areas were allegedly unstaffed at the detention center, how Defendants Thomas and Dawson knew about these vague "recurring problems," what these recurring problems were, or how Defendants Thomas and Dawson knew about the actions of their subordinates described by Plaintiffs.

It is obvious that the Plaintiffs recognize the "single incident" exception to municipal liability—and in this situation, supervisor liability—is rarely recognized and have attempted to "plead around" it.  However, by attempting to do so, without squarely addressing it, they expose the speculative nature of their allegations and cause their allegations to lack plausibility under *Iqbal/Twombly*.  *Porter*, 659 F.3d at 446 (holding that a complaint tendering "naked assertions devoid of further factual enhancement" is subject to dismissal).

In explaining why the Fifth Circuit has been "wary of finding municipal liability on the basis of a single incident" it stated:

> The "single incident exception" is extremely narrow; "a plaintiff
> must prove that the highly predictable consequence of a failure to
> train would result in the specific injury suffered, and that the failure
> to train represented the moving force behind the constitutional
> violation." *Sanders–Burns v. City of Plano*, 594 F.3d 366, 381 (5th
> Cir. 2010) (citations and internal quotations omitted) (emphasis
> added).  In the one case in which we found a single incident
> sufficient to support municipal liability, there was an abundance of
> evidence about the proclivities of the particular officer involved in
> the use of excessive force. *See Brown v. Bryan Cty.*, 219 F.3d 450,
> 462 (5th Cir. 2000)(finding deliberate indifference based on the
> police officer's known "personal record of recklessness and

---

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 8

647369v.1

questionable judgment," inexperience, exuberance, and involvement in forcible arrest situations). On the other hand, we have rejected claims of deliberate indifference even where a municipal employer knew of a particular officer's propensities for violence or recklessness. *See, e.g., Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 382–85 (5th Cir. 2005) (finding no deliberate indifference even though city was aware that officer fired weapon inappropriately, had a propensity for violence, and had received citizen complaints about the officer); *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998) (rejecting claim of deliberate indifference even though evidence showed officer was extremely stressed, may have had a quick temper, and was aggressive). This court has been wary of finding municipal liability on the basis of a single incident to avoid running afoul of the Supreme Court's consistent rejection of respondeat superior liability. *See, e.g., Pineda v. City of Houston*, 291 F.3d 325, 334–35 (5th Cir. 2002) (noting that the court rarely finds municipal liability for a failure to train claim on the basis of a single incident).

*See Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010) (emphasis added).

Not only does the Plaintiffs' Complaint fail to meet the *Iqbal/Twombly* standard, but it also fails to meet the highly restrictive threshold within the Fifth Circuit for pleading a single incident exception based upon the facts alleged.  Therefore, the supervisor claims against Defendants Thomas and Dawson must be dismissed.

**B.**
**THE PLAINTIFFS CLAIMS FOR IMPROPER OR INADEQUATE POLICIES MUST FAIL BECAUSE THEY LACK SPECIFIC FACTS**

Additionally, the Plaintiffs plead no facts showing Defendants Thomas and Dawson implemented unconstitutional policies or otherwise acted with deliberate indifference in a manner that causally resulted in the alleged injury as required in the Fifth Circuit.  *Porter*, 659 F.3d at 446. Where the alleged policy is one of inadequate police training, the plaintiff can only satisfy the first element of municipal liability if the failure to train satisfies the "deliberate indifference" standard that applies to supervisor liability.  *Benavides v. Cty. of Wilson,* 955 F.2d 968, 972 (5th Cir. 1992).

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)     Page 9

647369v.1

To hold a supervisor individually liable for the creation of a policy, plaintiffs must show the policy was adopted with deliberate indifference. *Gates v. Tex. Dep't of Protective & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).   There are no factual allegations specifically pointing to a policy adopted by Defendants Thomas or Dawson which is both casually connected with the constitutional violations alleged and connected with allegations of deliberate indifference during the adoption and implementation of such policy. *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir. 1992).  A showing of deliberate indifference for a supervisor means the supervisor disregarded a known or obvious consequence of his or her action. *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997).

Other than conclusory and speculative allegations the Plaintiffs identify no specific policies which were established by Defendants Thomas or Dawson.  These factual allegations must contain specific facts. *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)). "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).   A single alleged incident is insufficient to infer that there is an official custom or policy. *Hester v. Dallas Cty. Jail*, 3:11-CV-3099-B-BH, 2012 WL 1430539, at *2 (N.D. Tex. Mar. 6, 2012), *report and recommendation adopted*, 3:11-CV-3099-B-BH.

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 10

647369v.1

## C.
### IMPROPER NEGLIGENCE-RELATED ALLEGATIONS MUST BE DISMISSED

Additionally, the Plaintiffs seek to hold Defendants Thomas and Dawson liable for negligence when they allege that they "knew that these failures placed suicidal detainees at substantial risk of serious harm, but did nothing to prevent her subordinates from regularly confining detainees under these dangers conditions." *See* Pl.'s Compl. at ¶ 97.  Negligence and even gross negligence are not actionable under 42 U.S.C. § 1983.  *Cf. Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (stating that "the Supreme Court rejected the gross negligence standard of liability in favor of the stricter deliberate indifference standard") (citing *City of Canton v. Harris*, 489 U.S. 378, 381 (1989)) (footnote omitted); *Harvey v. Jones*, No. 15-CV-2279, 2015 WL 9687841, at *2 (W.D. La. Nov. 16, 2015) ("Negligence, neglect, or medical malpractice do not constitute deliberate indifference") (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991), *report and recommendation adopted*, No. 15-CV-2279, 2016 WL 112713 (W.D. La. Jan. 8, 2016).   Therefore, the Plaintiffs' negligence-related allegations are not sufficiently stated in order to state a claim against Defendants Thomas and Dawson for supervisor liability.

## V.
### PLAINTIFFS' CONDITIONS OF CONFINEMENT CLAIMS
### AGAINST DEFENDANTS THOMAS AND DAWSON MUST BE DISMISSED

A challenge to a condition of confinement is a challenge to general conditions, practices, rules or restrictions of pretrial confinement.  *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc).  In conditions of confinement cases it is the conditions themselves that constitute the harm.  *Scott v. Moore*, 114 F.3d 53 (5th Cir. 1997).  These are conditions such as "inadequate food, heating, or sanitary conditions themselves [that] constitute miserable conditions."  These

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 11

647369v.1

cases are very different from acts-or-omissions cases where "an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id*. In conditions of confinement cases the test applied under *Bell v. Wolfish*, is if the conditions amount to punishment of the detainee and if so, if the conditions were imposed to punish or were incident to some other legitimate governmental purpose. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

The focus of the Plaintiffs' Complaint is on the actions of officials at the Potter County Detention Center in relationship to the decedent. The actions, or alleged inaction and/or alleged inappropriate actions, comprise the root of the Plaintiffs' complaints against Defendants. *Scott v. Moore*, 114 F.3d 51 (1997) (holding in sexual assault of a detainee case that the action is characterized as an episodic act or omission case where harm complained of is an act or omission of one or more officials); *Flores v. Cty. of Hardeman, Tex*. 124 F.3d 736, 737 (5th Cir. 1997) (holding that a case involving complaints about particular acts of deputies in an inmate suicide case constitute an act or omission case). The Plaintiffs have attempted to cast their claims as conditions of confinement in this case in order to avoid the high standard of proving deliberate indifference. Because intentionality must be established in episodic-acts-or-omissions case, those claims require proof that a jail official violated the pretrial detainee's constitutional rights because "the official had 'subjective knowledge of a substantial risk of serious harm' to the detainee and responded to that risk with deliberate indifference." *Estate of Henson,* 795 F.3d 463, 464 (5th Cir. 2015). Officials must know of and disregard an excessive risk to inmate health and safety in episodic-acts or-omissions cases. *Id*. The Plaintiffs have not plead that Defendants Thomas and Dawson personally participated in the allegations the basis of their denial of medical care claim.

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)    Page 12

647369v.1

Because the nature of the Plaintiffs' complaints in this case they are not truly about the conditions of confinement at the Potter County Detention Center, and are instead claims about the specific interactions of officials in relationship to their deceased son, the conditions of confinement claims must be dismissed against Defendants Thomas and Dawson.

## VI.
### CONCLUSION

Defendants Thomas and Dawson respectfully request that the Court grant this motion and dismiss the individual capacity claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiffs' claims, stripped from their conclusory nature, only constitute a complaint about the actions of their subordinates.  Moreover, the Plaintiffs' allegations fall short of the pleading standard necessary to impose liability against them for a failure to train, supervise, or promulgate inadequate policy.  The Plaintiffs' Complaint is devoid of any facts pleading the personal involvement of Defendants Thomas and Dawson in their claim based on denial of medical care.  The pleadings of the Plaintiffs in this area are deficient because they contain no details linking a specific failure to train, supervise, or policy to a constitutional violation together with a showing of deliberate indifference.  The conditions of confinement claims against Defendants Thomas and Dawson should also be dismissed because the references of the Plaintiffs to prior jail incidents are too far removed in time and factually dissimilar from the incident at issue to establish a pattern, practice, or custom.  Finally, the claims asserted against Defendants Thomas and Dawson for conditions of confinement are not properly plead because they relate to the specific actions and/or the alleged inaction of specific subordinates rather than general conditions at the Potter County Detention Center.

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)      Page 13

647369v.1

WHEREFORE, PREMISES CONSIDERED, Defendants Brian Thomas and Lisa Dawson request that the Court grant their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the personal capacity claims against them.

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
**Counsel for Defendants Brian Thomas and Lisa Dawson**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 14th day of April, 2020, served as follows:

**VIA ECF**
Jeff Edwards
Scott Medlock
David James
EDWARDS LAW
The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
jeff@edwards-law.com; scott@edwards-law.com;
david@edwards-law.com
**Lead Counsel for Plaintiffs**

**VIA ECF**
Jeff Blackburn
Blackburn and Brown, LLP
718 S.W. 16th Avenue
Amarillo, Texas 79101
blackburn@blackburnbrownlaw.com
**Local Counsel for Plaintiffs**

*/s/ Matt D. Matzner*
OF COUNSEL

Defendants Brian Thomas and Lisa Dawson's Motion and Brief to Dismiss
Individual Capacity Claims Asserted Against Them Pursuant to Federal Rule of Civil Procedure 12(b)(6)   Page 14

647369v.1