IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CINDA LEE LOVATO, individually, on Behalf of all wrongful death beneficiaries, And on behalf of the ESTATE OF DANIEL LUIS MARTINEZ, and MARK MARTINEZ, individually, *Plaintiffs,* | § § § § § § § | |
| v. | § § | |
| AMY HITCHCOCK, TANNER VANOVER, JARED RICE, B. HOWARD, S. SHOOK, BRIAN THOMAS, and LISA DAWSON, in their individual capacities, and POTTER COUNTY, TEXAS, *Defendants.* | § § § § § § § | CIVIL ACTION NO. 2:20-CV-00070-Z-BR |

**DEFENDANTS AMY HITCHCOCK, TANNER VANOVER, JARED RICE, BRETT HOWARD, AND SARA SHOOK'S MOTION AND BRIEF TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
*Counsel for Defendants*
*Amy Hitchcock, Tanner Vanover, Jared Rice,*
*Brett Howard, and Sara Shook*

648494v.1

## TABLE OF CONTENTS

Table of Contents ................................................................................................................... ii

Table of Authorities ............................................................................................................. iii

I.     Summary .................................................................................................................. 1

II.    Background .............................................................................................................. 1

III.   Standards of Review ................................................................................................ 2

IV.    Plaintiffs' Claims Based on Negligence and Gross Negligence Must Be Dismissed ............. 4

V.     Plaintiffs' Conditions of Confinement Claims Against the Individual Defendants
       Must Be Dismissed .................................................................................................. 5

VI.    Conclusion ............................................................................................................... 7

Certificate of Service .............................................................................................................. 8

648494v.1

**TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................................................. 3

*Bell v. Wolfish*,
   441 U.S. 520 (1979) .............................................................................................................. 6

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) .................................................................................................. 3

*City of Canton v. Harris*,
   489 U.S. 378 (1989) .............................................................................................................. 5

*Crowe v. Henry*,
   43 F.3d 198 (5th Cir. 1995) .................................................................................................. 2

*Doe v. Taylor Indep. Sch. Dist.*,
   15 F.3d 443 (5th Cir. 1994) .................................................................................................. 5

*Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-02487-L,
   2013 WL 1194392 (N.D. Tex. Mar. 25, 2013) .................................................................... 3

*Estate of Henson*,
   795 F.3d 463 (5th Cir. 2015) ................................................................................................ 6

*Flores v. Cty. of Hardeman, Tex.*,
   124 F.3d 736 (5th Cir. 1997) ................................................................................................ 6

*Garrett v. Commonwealth Mortg. Corp. of America*,
   938 F.2d 591 (5th Cir. 1991) ................................................................................................ 3

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009) ................................................................................................ 3

*Hare v. City of Corinth*,
   74 F.3d 633 (5th Cir. 1996) .................................................................................................. 5

*Harvey v. Jones*,
   No. 15-CV-2279, 2015 WL 9687841 (W.D. La. Nov. 16, 2015) ........................................ 5

*Huggins Realty, Inc. v. FNC, Inc.*,
    634 F.3d 787 (5th Cir. 2011) ................................................................................................. 3

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ................................................................................................. 2

*Scott v. Moore*,
    114 F.3d 51 (5th Cir. 1997) ............................................................................................... 5, 6

*Sullivan v. Leor Energy, LLC*,
    600 F.3d 542 (5th Cir. 2010) ................................................................................................. 2

*Varnado v. Lynaugh*,
    920 F.2d 320 (5th Cir. 1991) ................................................................................................. 5

**Statutes**

42 U.S.C. § 1983 .................................................................................................................. 1, 2, 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 2, 3, 7

648494v.1

**DEFENDANTS AMY HITCHCOCK, TANNER VANOVER, JARED RICE, BRETT HOWARD, AND SARA SHOOK'S MOTION AND BRIEF TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, MATTHEW J. KACSMARYK:

COME NOW Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook and file their Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof would show the Court as follows:

## I.
### SUMMARY

The Plaintiffs' non-deliberate indifference allegations against Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook must be dismissed because they are based on an improper standard for holding them liable under 42 U.S.C. § 1983. Similarly, they cannot be the basis for imposing Title II liability under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA") on their employer, Potter County. Additionally, the claims based upon conditions of confinement must be dismissed because this is an episodic acts or omissions case, not a conditions of confinement case as plead.

## II.
### BACKGROUND

The Plaintiffs allege that their son, Daniel Luis Martinez, died as a result of suicide while he was a pre-trial detainee in the Potter County Detention Center. Daniel Luis Martinez was booked into the Potter County Detention Center on April 23, 2018. On May 1, 2018, Daniel Luis Martinez committed suicide in the Potter County Detention Center.[1]

---

[1] The Plaintiffs' Complaint omits the date of death of Daniel Luis Martinez. The date of death according to all sources was May 1, 2018. *See* MyHighPlains news article regarding autopsy results: https://www.myhighplains.com/news/local/preliminary-autopsy-results-released-after-potter-county-inmate-death/1159967327/ (last visited April 11, 2020).

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                                                                                                   Page 1

648494v.1

The Plaintiffs allege that Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook all failed to take proper care of Daniel Luis Martinez, deceased, when he was in the Potter County Detention Center. Specifically, the Plaintiffs allege claims for denial of medical attention and conditions of confinement against the individual defendants. *See* Pls.' Compl. at ¶¶ 92-101. The Plaintiffs seek to hold these individuals liable pursuant to 42 U.S.C. § 1983, alleging that they were deliberately indifferent to the medical needs of Daniel Luis Martinez, deceased. However, the Plaintiffs also make allegations that each engaged in conduct which is not actionable. Therefore, to the extent that the Plaintiffs attempt to hold the individuals to a standard of conduct which is not recognized by the Fifth Circuit or the U.S. Supreme Court, the individual Defendants move to dismiss those allegations/claims. Alternatively, they seek to have the improper allegations stricken.

## III.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a suit where a plaintiff has failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In reviewing a motion to dismiss, a court must consider the plaintiff's complaint, accepting all well-pleaded facts as true and viewing those facts in a light most favorable to the plaintiff. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

_____
Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                                                                 Page 2

648494v.1

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1505 (2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009)). "A claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing and quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *See Gonzalez*, 577 F.3d at 603 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Although detailed factual allegations are not required to avoid dismissal under Rule 12(b)(6), a plaintiff must provide more than "bare assertions" and "conclusory" allegations that are nothing more than a "formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554-55). While well-pleaded facts of a complaint are to be accepted as true, a plaintiff's conclusory allegations and legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79 (citation omitted); *Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-02487-L, 2013 WL 1194392, *4 (N.D. Tex. Mar. 25, 2013) (citing *Iqbal*, 556 U.S. at 681).

Dismissal is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Furthermore, a dismissal under Rule 12(b)(6) is proper when "an affirmative defense or other bar to relief appears on the face of the complaint." *See Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991).

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                                                              Page 3

648494v.1

## IV.
### PLAINTIFFS' CLAIMS BASED ON NEGLIGENCE AND GROSS NEGLIGENCE MUST BE DISMISSED

The Plaintiffs allege that the individual defendants "deliberately disregarded Martinez's extremely high risk of suicide," and "Defendants were deliberately indifferent to Martinez's serious medical needs." *See* Pls.' Compl. at ¶¶ 93, 99. These claims form the basis of the Plaintiffs' claims for denial of medical attention and conditions of confinement against the individual defendants. However, the Complaint also makes allegations akin to negligence and gross negligence against the individual defendants on these two claims. These allegations of negligence and gross negligence are not sufficient to plead the requisite legally culpable standard of deliberate indifference in this lawsuit. For example, the Plaintiffs allege:

◊ "Any reasonable jailer would know that a person who is formulating a plan to commit suicide is at a high risk of suicide, immediate risk of suicide, and that protective measures must be instituted to immediately save the detainee's life." *See* Pls.' Compl. at ¶ 34.

◊ "Despite knowing these glaring warning signs, Shook and Howard placed Martinez in a cell that was known to be dangerous for a person at high risk of suicide, rather than a cell that would minimize suicide risk." *See* Pls.' Compl. at ¶ 35.

◊ "Inexplicably, Shook and Howard did not even confiscate Martinez's bedding or jail uniform – common-sense and well-established suicide risk precautions that Martinez obviously needed." *See* Pls.' Compl. at ¶ 38.

◊ "In reality, all Defendants knew Martinez needed to be observed constantly until a psychiatric provider assessed him and determined he was no longer at immediate risk of suicide. Without this accommodation, a suicidal detainee like Martinez was likely to suffer more pain and punishment than a detainee who did not suffer from a mental disability…." *See* Pls.' Compl. at ¶ 51.

◊ "All Defendants, including Thomas and Dawson, knew this was a recurring problem…but failed to <u>adequately</u> staff the jail or take other measures…." *See* Pls.' Compl. at ¶ 57. (emphasis added).

◊ "Rice disregarded Martinez's known risk of suicide by failing to observe the video monitor which showed Martinez dying of suicide…." *See* Pls.' Compl. at ¶ 95.

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                                                                                                                                  Page 4

648494v.1

- ◊ "[E]ach [individual defendant] disregarded the risk." *See* Pls.' Compl. at ¶ 99.

- ◊ Potter County "failed to provide <u>adequate</u> training . . . ." *See* Pls.' Compl. at ¶ 106. (emphasis added).

- ◊ Despite this knowledge, however, Potter County "failed to provide <u>appropriate</u> training . . . ." *See* Pls.' Compl. at ¶ 108. (emphasis added).

Negligence and gross negligence are not actionable under 42 U.S.C. § 1983. *Cf. Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (stating that "the Supreme Court rejected the gross negligence standard of liability in favor of the stricter deliberate indifference standard.") (citing *City of Canton v. Harris*, 489 U.S. 378, 381 (1989)) (footnote omitted); *Harvey v. Jones*, No. 15-CV-2279, 2015 WL 9687841, at *2 (W.D. La. Nov. 16, 2015) ("Negligence, neglect, or medical malpractice do not constitute deliberate indifference.") (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991), *report and recommendation adopted*, No. 15-CV-2279, 2016 WL 112713 (W.D. La. Jan. 8, 2016). The claim against Jared Rice for failing to observe the video monitor makes clear that the denial of medical attention claim against him is facially invalid and not properly plead because there are no facts plead which allege his personal involvement in the denial of medical care. Claims against all of the individual defendants based upon negligence or gross negligence should be dismissed or stricken from the Plaintiffs' Complaint.

## V.
### PLAINTIFFS' CONDITIONS OF CONFINEMENT CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED

A challenge to a condition of confinement is a challenge to general conditions, practices, rules or restrictions of pretrial confinement. *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc). In conditions of confinement cases it is the conditions themselves that constitute the harm. *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). These are conditions such as "inadequate food, heating, or sanitary conditions themselves [that] constitute miserable

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to
Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                                                Page 5

648494v.1

conditions." These cases are very different from acts-or-omissions cases where "an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Id*. In conditions of confinement cases the test applied under *Bell v. Wolfish*, is if the conditions amount to punishment of the detainee and if so, if the conditions were imposed to punish or were incident to some other legitimate governmental purpose. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

The focus of the Plaintiffs' Complaint is on the actions of officials at the Potter County Detention Center in relationship to the decedent. The actions, or alleged inaction and/or alleged inappropriate actions, comprise the root of the Plaintiffs' complaints against Defendants. *Scott v. Moore*, 114 F.3d at 53 (holding in sexual assault of a detainee case that the action is characterized as an episodic act or omission case where harm complained of is an act or omission of one or more officials); *Flores v. Cty. of Hardeman, Tex*. 124 F.3d 736, 737 (5th Cir. 1997) (holding that a case involving complaints about particular acts of deputies in an inmate suicide case constitute an act or omission case). The Plaintiffs have attempted to cast their claims as conditions of confinement in this case in order to avoid the high standard of proving deliberate indifference. Because intentionality must be established in episodic-acts-or-omissions case, those claims require proof that a jail official violated the pretrial detainee's constitutional rights because "the official had 'subjective knowledge of a substantial risk of serious harm' to the detainee and responded to that risk with deliberate indifference." *Estate of Henson,* 795 F.3d 463, 464 (5th Cir. 2015). Officials must know of and disregard an excessive risk to inmate health and safety in episodic-acts or-omissions cases. *Id*.

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                                                                                     Page 6

648494v.1

Because the nature of the Plaintiffs' complaints in this case this case are not truly about the conditions of confinement at the Potter County Detention Center, and are instead claims about the specific interactions of officials in relationship to the decedent, the conditions of confinement claims must be dismissed against the individual defendants.

## VI.
### CONCLUSION

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook respectfully request that the Court grant this motion and dismiss the improperly plead claims based on negligence and gross negligence against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  Additionally, the claims asserted against Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook for conditions of confinement are not properly plead because they relate to the specific actions and/or the alleged inaction of the defendants rather than general conditions at the Potter County Detention Center.  With regard to any claims the Court construes to be episodic acts or omissions the Defendants assert that the Plaintiffs have failed to properly plead the requisite deliberate indifference standard.

WHEREFORE, PREMISES CONSIDERED, Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook request that the Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the improperly plead claims against them.

**Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**                                                                                                                                Page 7

648494v.1

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
***Counsel for Defendants***
***Amy Hitchcock and Sara Shook***

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 14th day of April, 2020, served as follows:

| **VIA ECF** | **VIA ECF** |
|---|---|
| Jeff Edwards | Jeff Blackburn |
| Scott Medlock | Blackburn and Brown, LLP |
| David James | 718 S.W. 16th Avenue |
| EDWARDS LAW | Amarillo, Texas 79101 |
| The Haehnel Building | blackburn@blackburnbrownlaw.com |
| 1101 E. 11th Street | ***Local Counsel for Plaintiffs*** |
| Austin, Texas 78702 | |
| jeff@edwards-law.com; scott@edwards-law.com; david@edwards-law.com | |
| ***Lead Counsel for Plaintiffs*** | |

*/s/ Matt D. Matzner*
OF COUNSEL

Defendants Amy Hitchcock, Tanner Vanover, Jared Rice, Brett Howard, and Sara Shook's Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)   Page 8

648494v.1