IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CINDA LEE LOVATO and MARK           §
MARTINEZ,                           §
                                    §
        Plaintiffs,                 §
                                    §
v.                                  §        2:20-CV-70-BR
                                    §
AMY HITCHCOCK et al.,               §
                                    §
        Defendants.                 §

## SECOND AMENDED SCHEDULING ORDER

The parties have consented, under 28 U.S.C. § 636(c), to have the undersigned United

States Magistrate Judge conduct any and all further proceedings in this case, including the trial,

and to enter final judgment.   Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil

Procedure, the *Civil Justice Expense and Delay Reduction Plan* for the United States District

Court, Northern District of Texas (Misc. Order No. 46), and the current *Local Civil Rules of the*

*United States District Court for the Northern District of Texas*, the Court enters this Scheduling

Order.[1]

## I. MODIFICATION OF DEADLINES

The deadlines set forth below in this Scheduling Order can only be modified: (1) "for good

cause" and (2) with the judge's consent. *Shepherd on behalf of Estate of Shepherd v. City of*

*Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)). Rule 16's "good

---

[1] If a date specified in this Order falls on a Saturday, Sunday, legal holiday, or date on which the United States District Clerk's office is closed or is otherwise inaccessible, the deadline is the next day that is not one of the aforementioned days.  *See* Fed. R. Civ. P. 6(a)(3).

cause" analysis is thorough and considers four factors.[2] Conclusory statements that good cause exists, or that the extension is not sought for the purpose of delay, are insufficient. Requests and motions to extend or modify deadlines in the Scheduling Order shall directly and specifically address why good cause exists under Rule 16 using each of the four factors:

(1) the explanation for the party's failure to meet the deadline;
(2) the importance of the amendment to the scheduling order;
(3) potential prejudice if the court allows the amendment; and
(4) the availability of a continuance to remedy such prejudice.

Rule 16 does not allow a scheduling order to be modified by agreement of the parties, and <u>the requirements in this section apply whether a request or motion for extension or modification is agreed or opposed.</u>

## II. <u>MOTIONS FILED PRIOR TO REMOVAL OR TRANSFER</u>

**If this case has been either removed to federal court or transferred from another federal district or division**, and the parties filed *any* motions either in state court prior to removal or in another federal court prior to transfer to this Court, and those motions were not ruled on by either the state or other federal court, *then it is the responsibility of the parties to re-urge any pending motion with this Court*. The Clerk of the Northern District is *not* responsible for docketing pending motions when cases are removed. If parties do not re-urge any pending motions, this Court will not consider those motions.

## III. <u>PRETRIAL SCHEDULE</u>

The parties must comply with each of the following deadlines unless a deadline is modified by the Court upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b).

---

[2] The Court considers four factors, which are listed in Section I. of this Order, when determining whether good cause exists to modify a scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

A.      Joinder of Parties

A party must file a motion for leave to join other parties on or before **September 4, 2020**.

B.      Expert Witnesses

Parties seeking affirmative relief must designate expert witnesses on or before **March 4, 2021** and must otherwise comply with Federal Rule of Civil Procedure 26(a)(2) expert disclosure requirements on or before **March 18, 2021**.

Parties opposing affirmative relief must designate expert witnesses on or before **May 6, 2021** and must otherwise comply with Federal Rule of Civil Procedure 26(a)(2) expert disclosure requirements on or before **May 20, 2021**.

Any party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must designate expert witnesses and otherwise comply with Rule 26(a)(2) expert witness reports on or before **June 17, 2021**.

C.      Motions Regarding Expert Witnesses

Parties must file motions regarding the qualifications or competency of experts, sometimes referred to as *Daubert* motions, on or before **July 15, 2021**.

These motions shall **not** contain matters that are appropriate for motions in limine, as that deadline will be separately established. (*See* section regarding Motions Not Otherwise Covered).

D.      Mediation

Pursuant to the parties' agreement, the parties shall mediate this case on or before **June 25, 2021**. Counsel for all parties, at least one person with **final** settlement authority for each party, and all other persons necessary to negotiate a settlement, including insurance carriers, must attend the

mediation(s) **in person**, regardless of any person's geographic location. It is the responsibility of counsel for each party to inform any insurance carriers of this Order.

Upon completion of mediation, the mediator shall inform the Court whether this case has or has not settled by filing a mediation summary report with the United States District Clerk on or before **three (3) business days** after the completion of mediation. It is the joint responsibility of all counsel to: (1) so inform the mediator of his/her obligation to timely file such report; and (2) ensure such report is filed.

The mediation(s) shall be private, confidential, and privileged from process and discovery, unless otherwise ordered by the Court. The mediator shall not be a witness in this action, nor may the mediator's records be subpoenaed or used as evidence without the express permission of the Court. No subpoenas, citations, writs, or other process shall be served at the location of any mediation(s) upon any person entering, leaving or attending.

The fees for mediation(s) are to be divided and borne equally by the parties unless agreed otherwise. They shall be paid by the parties directly to the mediator and shall be taxed as costs.

E.  <u>Amendment of Pleadings</u>

Parties must file any motion for leave to amend pleadings on or before **<u>January 8, 2021</u>**.

Plaintiffs must file an amended complaint as to the defects identified in the Court's October 30, 2020 Order on Defendants' Motions to Dismiss (ECF 32) on or before **<u>December 18, 2020</u>**.

F.  <u>Joint Advisory Regarding Estimated Length of Trial</u>

The parties must file a Joint Advisory no later than **<u>thirty (30) days</u>** before the completion of discovery deadline. The parties shall provide an updated estimate of the number of trial days and indicate whether a jury has been demanded.

G.     Completion of Discovery

The parties must complete all expert and factual discovery on or before **July 2, 2021.**

H.     Summary Judgment/Dispositive Motions[3]

Any motion for summary judgment or other dispositive motion must be filed on or before **July 9, 2021**.  The deadline imposed by the Local Civil Rules for filing a motion for summary judgment does not apply in this case because the Court, by this Order, has established a different deadline. Counsel should carefully review Local Civil Rule 56.2(b) which limits a party to filing one (1) summary judgment motion "[u]nless otherwise directed by the presiding judge, or permitted by law." This limitation does not apply to any motion for summary judgment on the issue of qualified immunity.

This deadline does not apply to any motion for summary judgment on the issue of qualified immunity, which must be filed on or before **March 5, 2021**.

If a party files a motion for summary judgment on the issue of qualified immunity and the Court has not yet ruled on that motion by the first deadline to designate experts listed in Section III.B. above, then the parties are relieved of the obligation to comply with the deadlines as to designation and disclosure of expert witnesses. Such deadlines will be addressed via a new scheduling order once the issue of qualified immunity has been resolved. No later than fourteen (14) days after the issue of qualified immunity is resolved, the parties shall file an advisory with

---

[3] Local Civil Rule 7.1 provides responses to opposed motions must be filed within 21 days from the date the motion is filed, and replies may be filed within 14 days from the date the response is filed, unless otherwise directed by the presiding judge.  Federal Rule of Civil Procedure 6(d), which provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to response and reply due dates calculated under Local Civil Rule 7.1. These due dates are calculated according to the motion and response's filing date rather than the date of service.

the Court indicating whether it would be beneficial for the Court to hold a status conference as to scheduling issues.

I.      Motions Not Otherwise Covered

A party must file a motion not otherwise covered by this order on or before **July 9, 2021**. This deadline does not apply to motions in limine or to objections filed with respect to proposed witnesses and deposition designations, which must be filed no later than the deadlines that will be established by the trial setting order that the Court will issue later.

## IV.  PRETRIAL CONFERENCE/ORDER SETTING TRIAL

The parties are set for a pretrial conference **September 9, 2021 at 2:00 p.m.** in the Third Floor Courtroom of the Mary Lou Robinson United States Courthouse, Amarillo, Texas. Trial is set for **September 20, 2021 at 9:30 a.m.** in the Second Floor Courtroom of the Mary Lou Robinson United States Courthouse, Amarillo, Texas.

## V.   RULE 26(a) DISCLOSURES AND DISCOVERY
##      MATERIALS NOT TO BE FILED

The Court expects the parties to comply with all requirements set forth in Rule 26(a)(1) on or before **June 4, 2021** and are reminded that the Court construes Rule 26(a)(1)(A)(iv) to include any coverage (regardless of whether or not such coverage is termed or described as "insurance coverage") that is available to a party through a risk management pool.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 5(d)(1), disclosures under Federal Rule of Civil Procedure 26(a)(1) or (2), and the following discovery requests and responses—depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission—must not be filed until they are used in the proceeding or the Court orders filing.

## VI.  MOTIONS AND PROPOSED ORDERS

When a party files a motion that requests "emergency," "expedited," or similar relief or provides for agreed relief concerning a fast-approaching deadline, the party should assume the Court is unaware of the filing. When such relief is sought, counsel should contact chambers at (806) 468-3832 and arrange to have a judge's copy promptly delivered to the United States District Clerk's office, if directed to do so by chambers.

Paper copies are required for dispositive motions referred to the undersigned, *Daubert* motions, motions to compel or for protective order, and any other motion over 10 pages, as well as responses, replies, and any corresponding briefs and appendices. Paper copies must comply with Local Rule 10.1 except as specified in this section. On or before the third business day after the date any movant's reply is due, any represented movant must provide: (1) a three-ring binder containing the motion, any responses, any replies, and any corresponding briefs; and (2) a separate three-ring binder containing any corresponding appendices. The front of each binder should contain an 8 ½" x 11" cover page that includes the (1) case style; (2) case number; (3) names of all parties; and (4) names of all attorneys of record in the case. The spine of each binder should contain the case style and case number. Motions, briefs, responses, and replies should be printed single-sided. Appendices should be printed double-sided. The parties must only include the file-marked copies of each PDF document after they have been filed with the Clerk of the Court or the electronic filing system. Each binder should be appropriately tabbed and indexed. Requirements for dispositive motions can also be found at http://www.txnd.uscourts.gov/judge/magistrate-judge-lee-ann-reno.

If a party submits any proposed order to the Court, including an agreed protective order, the party shall email the proposed order in Word format to reno_orders@txnd.uscourts.gov with the case number and document number of the accompanying motion in the subject line. The parties

are not to use this email address for any other purpose.

IT IS SO ORDERED.

ENTERED January 28, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE